# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

FILED by _____ D.C.
MAY 19 2009
STEVEN M. LARIMORE
CLERK U S DIST CT
S D of FLA. – MIAMI

May 15, 2009

Steven M. Larimore
Clerk, U.S. District Court
400 N MIAMI AVE RM 8N09
MIAMI  FL  33128-1813

**Appeal Number: 08-10005-DD**
Case Style: Claudia Dwyer v. Ethan Allen Retail, Inc.
District Court Number:  07-80495 CV-DTKH

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:

Bill of Costs
    Original record on appeal or review, consisting of: four volumes

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)

# United States Court of Appeals
For the Eleventh Circuit

No. 08-10005

District Court Docket No.
07-80495-CV-DTKH

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Apr 15, 2009

THOMAS K. KAHN
CLERK

CLAUDIA DWYER,
an individual,

        Plaintiff-Appellant,

versus

ETHAN ALLEN RETAIL, INC.,
a Delaware Corporation,

        Defendant-Appellee.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

---

Appeal from the United States District Court
for the Southern District of Florida

---

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
MAY 15 2009
U.S. COURT OF APPEALS
ATLANTA, GA.

    Entered:    April 15, 2009
For the Court:    Thomas K. Kahn, Clerk
        By:    Gilman, Nancy

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

```
                                FILED
                           U.S. COURT OF APPEALS
                             ELEVENTH CIRCUIT
                              APRIL 15, 2009
                             THOMAS K. KAHN
                                  CLERK
```

No. 08-10005
Non-Argument Calendar

D. C. Docket No. 07-80495-CV-DTKH

CLAUDIA DWYER,
an individual,

                                  Plaintiff-Appellant,

versus

ETHAN ALLEN RETAIL, INC.,
a Delaware Corporation,

                                  Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Florida

(April 15, 2009)

Before EDMONDSON, Chief Judge, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Claudia Dwyer appeals the grant of summary judgment to her former employer, Ethan Allen Retail, Inc., in Dwyer's suit claiming violations of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12112. No reversible error has been shown; we affirm.

Dwyer, who was born without a left hand, was employed as a design consultant with Ethan Allen from 1991 until her termination in June 2006. The information which led to Dwyer's termination surfaced when David Burton, Dwyer's immediate supervisor, was visiting a customer in her home about Ethan Allen products. This customer previously had ordered a sofa and love seat, using Dwyer as the design consultant. Burton discovered that, when the customer was unhappy with the cushions, Dwyer had ordered custom cushions from an outside workroom. From the invoice for the custom cushions that the customer gave Burton, it appeared to Burton that Dwyer had (1) obtained a price quotation from the outside workroom, (2) advised the customer to make payment to the outside workroom, (3) wrote the invoice on an Ethan Allen invoice form, and (4) collected payment for the custom order from the customer on behalf of the outside workroom.

Burton contacted his superior, Lisa Greenberg, about a potential violation of

Ethan Allen's conflict-of-interest policy (the "Policy")[1] and provided Greenberg with a copy of the suspect invoice. Greenberg reviewed the invoice, confirmed that Dwyer had received a copy of the company's conflict of interest policy, and interviewed Dwyer, who admitted to the conduct resulting in the order for the custom-made cushions. After conferring with a human resources manager about Dwyer's acts, Greenberg decided to terminate Dwyer's employment for violating the Policy.

In her ADA complaint, Dwyer argued that her disability was a motivating factor in Ethan Allen's decision to terminate her. She alleged that Burton, upon becoming her supervisor, subjected her to disparate treatment and sought to have her terminated because of her disability. In responding to Ethan Allen's summary judgment motion, Dwyer contended that Burton used Greenberg as the "cat's paw" through which he carried out his discriminatory intent.

The district court determined that Dwyer was a qualified person with a disability under the ADA and that Burton harbored a discriminatory animus towards Dwyer. Next, the court determined that, by harboring this animus and contacting Greenberg about the alleged Policy violation, Burton brought about

---

[1] The Policy prohibits an employee from "engaging in any activity, practice, or conduct which conflicts with, or appears to conflict with, the interests of Ethan Allen, its customers, or its suppliers." This prohibition includes "accepting orders for non-Ethan Allen supplied product from Ethan Allen retail customers."

Dwyer's termination; and, thus, Dwyer made a prima facie discrimination case under a cat's paw theory. But the court determined that Ethan Allen had a legitimate non-discriminatory reason[2] for terminating Dwyer -- the Policy violation, which Greenberg had independently investigated -- and Dwyer had not shown that this reason was pretextual.

On appeal, Dwyer argues that (1) Burton manipulated the decisionmaking process by withholding material information about the date of the invoice and the nature of the transaction, and that (2) Greenberg's investigation was inadequate. We review a district court's grant of summary judgment de novo; we view the evidence and all reasonable factual inferences in the light most favorable to the nonmoving party. Maniccia v. Brown, 171 F.3d 1364, 1367 (11th Cir. 1999).

To establish a prima facie case of disability discrimination under the ADA, Dwyer had to show, in relevant part, that Ethan Allen unlawfully discriminated against her because of her disability. Reed v. Heil Co., 206 F.3d 1055, 1061 (11th Cir. 2000).[3] Dwyer asserted a cat's paw theory of causation. Under this theory, a non-decisionmaking employee's discriminatory animus may be imputed to a

---

[2] Because this case is a circumstantial evidence case, the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 93 S.Ct. 1817 (1973), applies.

[3] The first two parts of a prima facie ADA discrimination case -- that Dwyer has a disability and that she is a qualified person -- are not in dispute. See id.

4

neutral decisionmaker when the decisionmaker has not independently investigated allegations of misconduct. Llampallas v. Mini-Circuits, Lab, Inc., 163 F.3d 1236, 1249 (11th Cir. 1998). "In such a case, the recommender is using the decisionmaker as a mere conduit, or 'cat's paw' to give effect to the recommender's discriminatory animus." Stimpson v. City of Tuscaloosa, 186 F.3d 1328, 1332 (11th Cir. 1999).

We conclude that summary judgment was appropriate here because Dwyer did not make a prima facie case of discrimination under a cat's paw theory. Even assuming that Burton harbored a discriminatory animus towards Dwyer, record evidence showed that Greenberg independently investigated Dwyer's conduct and that Greenberg came to her own conclusion that a Policy violation had occurred.[4] Greenberg reviewed the invoice Burton gave to her and determined that there had been an order for cushions, a price, and a receipt for money paid on Ethan Allen letterhead. Greenberg also confirmed that Dwyer had received a copy of the Policy and interviewed her about her acts. Burton's deposition testimony also show the

---

[4] The district court concluded that Dwyer made a prima facie case based on Burton's alleged discriminatory animus towards Dwyer. But a prima facie case under a cat's paw theory also requires lack of an independent investigation. See Llampallas, 163 F.3d at 1249. The district court's ultimate conclusion though, which focused on Greenberg's independent investigation, was correct.

independent nature of Greenberg's investigation: he stated that he made no recommendation to Greenberg about the course of action to take on Dwyer and simply provided Greenberg with the documentation he received from the customer. See Pennington v. City of Huntsville, 261 F.3d 1262, 1270 (11th Cir. 2001) (where a decisionmaker conducts her own evaluation and makes an independent decision, her decision is "free of the taint of a biased subordinate employee").

Taking these facts in the light most favorable to Dwyer, that Greenberg was not acting as a mere conduit of Burton and that Dwyer was terminated because of her Policy violation is clear. See Stimpson, 186 F.3d at 1331 (under cat's paw theory, plaintiff must "prove that the discriminatory animus behind the recommendation, and not the underlying employee misconduct identified in the recommendation, was an actual cause of the other party's decision to terminate the employee"). Dwyer's challenge to the adequacy of Greenberg's investigation is unavailing. Because Dwyer admitted that she facilitated the order with the third-party workroom, an extensive factual investigation was unnecessary. And the information Dwyer complains of Burton withholding, including the date of the invoice, are trivial details not important to deciding whether Dwyer, in fact, violated the Policy.

Because we determine that Dwyer did not make a prima facie case of

discrimination under a cat's paw theory, summary judgment was appropriate; and we affirm the district court.[5]

AFFIRMED.

---

[5] Our conclusion that Dwyer did not make a <u>prima facie</u> case makes it unnecessary to address whether Ethan Allen's reason for terminating her was pretextual or whether the Policy incorrectly was applied to Dwyer. Still, we agree with the district court's assessment that the reason was not pretextual. Contrary to Dwyer's assertion, her acts amounted to more than a "mere referral;" she facilitated the order to the outside workroom, clearly a Policy violation. And Ethan Allen terminated a non-disabled employee for a Policy violation nearly identical to Dwyer's.

7

UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
BILL OF COSTS

**CLAUDIA DWYER**
Appellant

vs.

**ETHAN ALLEN RETAIL, INC.**
Appellee

Appeal No. 08-10005

APR 29 2009

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 29 2009
THOMAS K. KAHN
CLERK

Fed.R.App.P. 39 and 11th Cir. R. 39-1 (see reverse) govern costs which are taxable in this court and the time for filing the Bill of Costs. A motion for leave to file out of time is required for a Bill of Costs not timely received.

INSTRUCTIONS

In the grid below, multiply the number of original pages of each document by the total number of documents reproduced to calculate the total number of copies reproduced. Multiply this number by the cost per copy ( $.15 per copy for "In-House", up to $.25 per copy for commercial reproduction, supported by receipts) showing the product as costs requested.

| DOCUMENT | Repro. Method (Mark One) | | No. of Original Pages | Total No. Documents Reproduced | Total No. of Copies | COSTS REQUESTED | CT. USE ONLY COSTS ALLOWED |
|---|---|---|---|---|---|---|---|
| | In-House | Comm* | | | | | |
| Appellant's Brief | | | | | | | |
| Record Excerpts | | | | | | | |
| Appellee's Brief | | X | 58 | 10 | 580 | 97.37 | **$97.37** |
| Reply Brief | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| *Note: If reproduction was done commercially, receipt(s) must be attached. | | | | | TOTAL | $ 97.37 REQUESTED | $ **$97.37** ALLOWED |

I hereby swear or affirm that the costs claimed were actually and necessarily incurred or performed in this appeal and that I have served this Bill of Costs on counsel/parties of record.

Date Signed: April 28, 2009

Signature: _____

Attorney for: ETHAN ALLEN RETAIL, INC.
(Type or print name of client)

Attorney Name: Jennifer A. Schwartz
(Type or print your name)

---

FOR COURT USE ONLY

Costs are hereby taxed in the amount of $ **$97.37** against **Appellant**

and are payable directly to **Appellee**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia

Thomas K. Kahn, Clerk

Issued on: MAY 1 5 2009

By: _____
Deputy Clerk

MISC-12
(12/07)